Floyd W. Bybee, SB 012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Tyre Dobbins;<br><br>   Plaintiff,<br><br>v.<br><br>Midland Funding LLC; and Midland Credit Management, Inc.;<br><br>   Defendants. | No.<br><br>**COMPLAINT**<br><br>(Jury Trial Demanded) |

**I.  Preliminary Statement**

1. Plaintiff brings this action for damages based upon Defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*. Plaintiff seeks to recover statutory damages, actual damages, costs and attorney's fees.

**II.  JURISDICTION**

2. Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331. Venue

1  lies in the Phoenix Division of the District of Arizona as Plaintiff's
2  claims arose from acts of the Defendants perpetrated therein.

### III. PARTIES

3. Plaintiff resides in Maricopa County, Arizona.
4. Plaintiff is a natural person allegedly obligated to pay a debt.
5. Plaintiff is a "consumer" as that term is defined by FDCPA § 1692a(3).
6. Defendant Midland Funding LLC ("Midland") is a foreign limited liability company.
7. Midland collects or attempts to collect debts which it claims to have purchased or been assigned after default.
8. Midland is a "debt collector" as that term is defined by FDCPA § 1692a(6).
9. Defendant Midland Credit Management, Inc. ("MCM") is a Kansas corporation registered to do business within the state of Arizona.
10. MCM is licensed as a collection agency by the Arizona Department of Financial Institutions, license number 0905285.
11. MCM collects or attempts to collect debts owed or asserted to be owed or due another, or debts which it claims to have purchased or been assigned after default.
12. MCM is a "debt collector" as that term is defined by FDCPA § 1692a(6).
13. At all times relevant herein, MCM was acting in concert with, on behalf of, and / or as agent for Midland.

### IV. Factual Allegations

14. Defendants have been reporting derogatory and inaccurate statements

1    and information concerning Plaintiff to third parties for an unknown period of time, including reporting this information to one or more of the three national consumer reporting agencies, including Equifax, Trans Union, and / or Experian.

15. This inaccurate information negatively reflects upon Plaintiff, and consists of statements which cannot be attributed to Plaintiff, or which misrepresent Plaintiff's credit history.

16. In or about 2006, Plaintiff opened an account with Care Credit.

17. In or about September 2009, Plaintiff stopped making monthly payments on the account, and the account went into default.

18. At the time Care Credit charged off the account, there was a balance owing of $1,007.

19. Subsequent to default, Care Credit allegedly sold the account to Midland.

20. After the alleged sale, Midland assigned the account to MCM for collection purposes.

21. In June 2015, Plaintiff obtained a copy of her Experian credit report which reflected a tradeline reported by Midland and or MCM concerning the Care Credit account.

22. The Experian report showed that Defendants were reporting the account with a balance owed of $2,676 beginning January 2015 through June 2015.

23. Upon information and belief, Defendants were reporting the same erroneous information concerning the balance owed to Trans Union and Equifax.

24. On October 14, 2015, Defendants filed a collection lawsuit against Plaintiff.

25. In the complaint, Defendants allege that the balance owed to Midland on the account was only $1,768.57.

26. Attached to the Complaint was the affidavit from Donna DuBois, a legal specialist of MCM, who stated that as of August 18, 2015 the balance owed was only $1,768.57.

27. On or about November 10, 2015, Plaintiff, represented by counsel, filed an Answer to the Complaint and a Notice of Appearance.

28. On November 10, 2015, a copy of both the Answer and Notice of Appearance were faxed directly to Midland Credit Management's lawyer, and mailed giving Defendants notice that Plaintiff was represented by counsel.

29. On or about November 23, 2015, MCM mailed Plaintiff directly a collection letter concerning the alleged debt.

30. As a result and proximate cause of Defendants' actions, Plaintiff has suffered actual damages, including, but not limited to, and emotional distress.

## V.  CAUSES OF ACTION
### a.  FIRST CLAIM FOR RELIEF
### (Violation of FDCPA)

31. Plaintiff incorporates by reference paragraphs 1 though 27.

32. Defendants violations of the FDCPA include, but are not necessarily limited to, 15 U.S.C. §§ 1692c(a)(2), 1692e, 1692e(2)(A), 1692e(5), 1692e(8), 1692e(10), 1692f, and 1692f(1).

33. As a direct result and proximate cause of Defendants' actions in violation of the FDCPA, Plaintiff has suffered actual damages.

## VI.  DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

## VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

a) Actual damages to be determined by the jury;

b) Statutory damages to be determined by the jury;

c) Attorney's fees;

d) Costs and expenses incurred in this action; and

e) Such other relief as may be just and proper.

DATED   March 23, 2016  .

      s/ Floyd W. Bybee
Floyd W. Bybee, SB 012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

33. As a direct result and proximate cause of Defendants' actions in violation of the FDCPA, Plaintiff has suffered actual damages.

## VI.  DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

## VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

a) Actual damages to be determined by the jury;

b) Statutory damages to be determined by the jury;

c) Attorney's fees;

d) Costs and expenses incurred in this action; and

e) Such other relief as may be just and proper.

DATED   March 23, 2016  .

s/ Floyd W. Bybee
Floyd W. Bybee, SB 012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff